STEVEN W. MYHRE
Acting United States Attorney
Nevada Bar No. 9635
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:04-cv-1274-JCM-(LRL) |
| 2002 FOREST GREEN DODGE, MODEL 3500 QUAD CAB 4x4 (FOUR WHEEL DRIVE) PICKUP TRUCK, VIN 3B7MF33662M277799, | ) |
| Defendant. | ) |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO BETH ANN YEATTS, AND ORDER**

The United States of America ("United States") and Beth Ann Yeatts, by and through their undersigned counsel, stipulate as follows:

1. The United States filed a verified Complaint for Forfeiture in Rem on September 13, 2004, against the 2002 FOREST GREEN DODGE, MODEL 3500 QUAD CAB 4x4 (FOUR WHEEL DRIVE) PICKUP TRUCK, VIN 3B7MF33662M277799 ("defendant property"), under 31 U.S.C. § 5317(c)(2) for violations of 31 U.S.C. §§ 5313 and 5324. Docket #1.

2. On September 15, 2004, the Court entered an Order to seal the affidavit and to stay the civil action. #3.

. . .

3. On August 8, 2006, the Court entered an Order to Lift the Seal and the Stay and for Service of Process. #10.

4. The United States filed a Notice of Filing Return on Service of Process and a Notice of Filing Proof of Publication, reflecting service on the defendant property and on all known potential claimants. #12, #13.

5. On October 20, 2006, the Clerk of the Court entered a Default against the defendant property; Gary Lynn Thomas; and all other persons or entities who may claim an interest in the defendant property, except Beth Ann Yeatts. #17.

6. On November 6, 2006, the Court entered a Default Judgment of Forfeiture against the defendant property; Gary Lynn Thomas; and all other persons or entities who may claim an interest in the defendant property in the above-entitled action, except Beth Ann Yeatts. #20.

7. Beth Ann Yeatts knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the defendant property.

8. Beth Ann Yeatts knowingly and voluntarily agrees to abandon or to forfeit the defendant property to the United States.

9. Beth Ann Yeatts knowingly and voluntarily agrees to relinquish all right, title, and interest in the defendant property.

10. Beth Ann Yeatts knowingly and voluntarily agrees to waive her right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the defendant property.

11. Beth Ann Yeatts knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the defendant property arising from the facts and circumstances of this case.

. . .

. . .

12. Beth Ann Yeatts knowingly and voluntarily agrees to waive any further notice to her, her agents, or her attorney regarding the abandonment or the forfeiture and disposition of the defendant property.

13. Beth Ann Yeatts knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the defendant property.

14. Beth Ann Yeatts knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions or other documents she filed in any proceedings concerning the defendant property.

15. Beth Ann Yeatts knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the defendant property.

16. Beth Ann Yeatts knowingly and voluntarily agrees to waive her right to a jury trial on the forfeiture of the defendant property.

17. Beth Ann Yeatts knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any proceedings concerning the defendant property.

18. Beth Ann Yeatts knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the defendant property to the United States.

19. Beth Ann Yeatts understands that the forfeiture of the defendant property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed for Gary Lynn Thomas in addition to forfeiture.

20. Beth Ann Yeatts knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Beth Ann Yeatts, and Order ("Settlement Agreement").

3

21. Beth Ann Yeatts knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Department of the Treasury, the Internal Revenue Service, the United States Attorney's Office for the District of Nevada, their agencies, their agents, and their employees from any claim made by her or any third party arising out of the facts and circumstances of this case.

22. Beth Ann Yeatts knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Department of the Treasury, the Internal Revenue Service, the United States Attorney's Office for the District of Nevada, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Beth Ann Yeatts now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

23. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

24. The Settlement Agreement contains the entire agreement between the parties.

25. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

26. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

27. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to,

. . .

and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

28. Each party shall bear her or its own attorneys' fees, expenses, and costs.

29. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the defendant 2002 Forest Green Dodge, Model 3500 Quad Cab 4x4 (Four Wheel Drive) Pickup Truck, VIN 3B7MF33662M277799.

DATED: 5/31/07

DRASKOVICH & ORONOZ

THOMAS A. ERICSSON
Counsel for Beth Ann Yeatts

DATED: _____

BETH ANN YEATTS

DATED: _____

STEVEN W. MYHRE
Acting United States Attorney

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: _____

5

and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

28. Each party shall bear her or its own attorneys' fees, expenses, and costs.

29. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the defendant 2002 Forest Green Dodge, Model 3500 Quad Cab 4x4 (Four Wheel Drive) Pickup Truck, VIN 3B7MF33662M277799.

DATED: _____       DATED: July 16, 2007

DRASKOVICH & ORONOZ                   STEVEN W. MYHRE
                                      Acting United States Attorney


                                      /s/ Daniel D. Hollingsworth
THOMAS A. ERICSSON                    DANIEL D. HOLLINGSWORTH
Counsel for Beth Ann Yeatts           Assistant United States Attorney

DATED: _____




_____
BETH ANN YEATTS


                                      IT IS SO ORDERED:

                                      [signature]
                                      UNITED STATES DISTRICT JUDGE
                                      DATED: August 1, 2007

5